IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:18-CR-338 (NAM) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MIGUEL SERNAS,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States hereby files its sentencing memorandum requesting that the Court impose a sentence at the low end of the United States Sentencing Guidelines ("U.S.S.G.") advisory range. The United States adopts the facts and calculations set forth in the Presentence Investigation Report ("PSIR") prepared by the United States Probation Office.

**I.      APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

    **a. Statutory Provisions**

The defendant's conviction under Count One of the Indictment for Conspiracy to Steal Trade Secrets, in violation of 18 U.S.C. § 1832(a)(5), subjects him to a statutory maximum term of imprisonment of ten years, a maximum term of supervised release of three years pursuant to 18 U.S.C. § 3583(b)(2), a maximum fine of $250,000 pursuant to 18 U.S.C. § 3571, and a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A). The defendant has agreed to forfeit to the United States, pursuant to 18 U.S.C. § 1834, all right, title, and interest in the property outlined in the Preliminary Order of Forfeiture (forthcoming). The defendant has also agreed to a restitution money judgment of $1,400,000, payable to the General Electric Company ("GE").

### b. Guidelines Provisions

The United States agrees with the PSIR that the base offense level is six pursuant to U.S.S.G. § 2B1.1(a)(2) and is increased fourteen levels pursuant to U.S.S.G. § 2B1.1(b)(1)(H). *See* PSIR ¶¶ 22-23. The PSIR also correctly scores an additional two levels pursuant to U.S.S.G. § 2B1.1(b)(10) because a substantial part of the fraudulent scheme was committed from outside the United States and the offense otherwise involved sophisticated means. *See* PSIR ¶ 24. Additionally, the PSIR correctly scores an additional two levels pursuant to U.S.S.G. § 2B1.1(b)(14)(A) because the offense involved misappropriation of a trade secret and the defendant knew or intended that the trade secret would be transmitted out of the United States. *See* PSIR ¶ 25. This results in an adjusted offense level of 24. *See* PSIR ¶ 29. After a three-point reduction for timely acceptance of responsibility, which the United States asks the Court to apply, the adjusted offense level is 21. *See* PSIR ¶ 33. The United States adopts the PSIR's determination that the defendant's criminal history category is I. Based on a criminal history score of I, the U.S.S.G. range for the defendant is a term of incarceration of 37 to 46 months and a fine of $15,000 to $150,000.

## II.   SENTENCING RECOMMENDATION

Based on all of the information before the Court, the United States respectfully requests that the Court sentence the defendant to a term of imprisonment at the low end of the U.S.S.G. advisory range. The sentence that the United States recommends here is sufficient but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2).

The defendant is intelligent, well educated, and polite. He is, by reputation, a hard worker, a dedicated father, a talented engineer, and a valuable member of his community. By all accounts,

he is a decent and good man.  In addition to those virtues, however, he is also a thief.  He conspired with his business partner, Jean Patrice Delia, to take, keep, and then use—for his own personal profit—proprietary information, including extraordinarily valuable trade secrets, created and owned by GE.  GE spent enormous resources, over many decades, collecting operational data about its turbines from locations around the globe and then distilling that data into computer programs and engineering tools that model the performance of its turbines.  In the words of a senior GE engineer, who oversaw the GE business unit that created the computer programs and engineering tools, it would take "thousands and thousands" of engineering hours, and "a thousand engineers" to reinvent them.  These computer programs and engineering tools provided GE with a unique competitive advantage in the marketplace because they enabled GE to provide customers with unique recommendations about how to improve the performance of their GE-manufactured turbines.  The defendant and his business partner—both gifted engineers with MBAs—appreciated the value of what they stole from GE and, nonetheless, chose not only to keep it, but also used it, at times, to compete against GE in the marketplace, adding insult to injury.  This crime is not a victimless one:  tens of thousands of American citizens, including many citizens of this District, have, and continue to, dedicate their lives to working for GE, and rely on the success of GE for their livelihood.  When criminals steal the fruits of GE's work, the company, its employees, its stockholders, and this country as a whole suffer the consequences.  The defendant's sentence should reflect these realities and send a message of deterrence that those who steal trade secrets, and then use them from abroad to compete against American companies, will pay a steep price.  Notwithstanding all of these facts, the defendant was not the architect of this conspiracy, nor did he exfiltrate the stolen materials from GE.  Since his arrest over a year ago, the defendant has been

respectful, forthright, and conspicuously repentant about his conduct.  It is unlikely he will offend again.  He has agreed to pay restitution in an amount far beyond his means and will undoubtedly suffer significant financial and professional consequences because of his conviction.  Based on all of these facts, the United States respectfully requests that the Court impose a sentence consistent with the U.S.S.G.  Such a sentence will be sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

                                        GRANT C. JAQUITH
                                        United States Attorney

By:      /s/ Wayne A. Myers
            Wayne A. Myers
            Assistant United States Attorney
            Bar Roll No. 517962